IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-42415-TLS |
| | ) | |
| BIG DRIVE CATTLE, L.L.C., | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on September 12, 2012, on the debtor's omnibus objection to claims 13 through 18 filed by Alan J. Ostrander (Fil. No. 255), and a resistance by creditor Alan J. Ostrander (Fil. No. 259). Jennifer Cooke and Robert V. Ginn appeared for the debtor; Marvin Andersen appeared for Mr. Ostrander; and Kristin Farwell appeared on behalf of the Unsecured Creditors Committee. Evidence was received and the matter was taken under advisement. Except as discussed below, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (O).

### *BACKGROUND*

Debtor has objected to proofs of claim 13, 14, 15, 16, 17, and 18, all filed by Alan J. Ostrander. From February 2009 until February 14, 2011, Mr. Ostrander was the manager of the cattle feedlot owned by the debtor. On February 14, 2011, his employment was terminated and he was escorted from the premises. Since that time, the parties have been in a series of disagreements, some of which resulted in litigation pending in state court.

This bankruptcy case was filed on September 9, 2011, and the court set a proof of claim filing deadline of January 2, 2012. Mr. Ostrander did not file his proofs of claim until January 11, 2012, which was nine days past the deadline set by the court. On the same date that he filed his proofs of claim, Mr. Ostrander filed a motion for leave to file the proofs of claim out of time (Fil. No. 75). No resistance was filed and, therefore, the motion was granted on February 7, 2012 (Fil. No. 94).

Under 11 U.S.C. § 502, a proof of claim filed in a bankruptcy proceeding is deemed allowed unless a party in interest objects. *Gran v. Internal Revenue Serv. (In re Gran)*, 964 F.2d 822, 827 (8th Cir. 1992). Under Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim executed and filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and amount of the claim. "The objecting party must then produce evidence rebutting the claim or else the claimant will prevail. If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Gran*, 964 F.2d at 827 (quoting *California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co., Ltd.)*, 837 F.2d 696, 698 (5th Cir. 1988)). Under those guidelines, each proof of claim will be addressed below.

## *PROOFS OF CLAIM*

    1.    <u>Proof of Claim 13</u>.

This proof of claim is in the amount of $205,000.00, and the basis for the claim is identified as "services performed – debtor used creditor's horses for 2 years and has failed to pay creditor." No documents are attached to the claim. Debtor objected to the claim as failing to provide any documentation or detail in support of the claim and specifically asserted that Debtor never agreed to pay Mr. Ostrander for any services rendered by horses. Further, Debtor indicates that Mr. Ostrander fed horses that he housed on Debtor's property with Debtor's feed and never reimbursed Debtor for the cost of the feed.

At the hearing, Debtor submitted an affidavit of its managing member, Cecil Haun, stating that he was not aware that Mr. Ostrander provided horses for use at the feedlot; that he did not expect Mr. Ostrander to have horses or to use his personal horses in service for Debtor; that Debtor never agreed to compensate Mr. Ostrander for any use of his horses; and that, based on his experience, cowboys utilizing horses at a feedlot typically provide their own horses to use as a tool in performing their duties. In essence, Debtor is saying that there never was an agreement with Mr. Ostrander to reimburse him for the use of his horses by the cowboys at the feedlot. Debtor's evidence sufficiently rebutted the proof of claim, so the burden shifted to the claimant to prove his claim by a preponderance of the evidence.

Mr. Ostrander submitted his own affidavit explaining how he calculated the value of the benefit provided to Debtor for the use of his horses. In his affidavit, he appears to acknowledge that the claim should be reduced for the cost of feed for a resulting claim amount of $197,725.00. Noticeably absent from his affidavit is any claim that there was any sort of agreement with Debtor to reimburse him for the use of his horses. Instead, Mr. Ostrander was paid wages at the rate of four cents per day per head of cattle on feed. He was also allowed to hire the labor, including the cowboys, to be paid by Debtor. Also absent from Mr. Ostrander's affidavit is any claim for reimbursement for the use of horses until he filed his proof of claim. In other words, Mr. Ostrander never asked for reimbursement for the use of his horses at any time during the two years while he was employed, nor is there any evidence that representatives of Debtor were aware that Mr. Ostrander was allowing the cowboys to use his personal horses or expecting reimbursement for the use of the horses.

Mr. Ostrander has failed to meet his burden of proof, the objection to proof of claim 13 is sustained, and the claim is denied in its entirety.

    2.    <u>Proof of Claim 14</u>.

This proof of claim is in the amount of $20,000.00, and the basis for the claim is "Personal Property Misappropriated – car, motor home, etc. which is still in debtor's possession." Debtor objects to this claim as failing to allege sufficient detail to support the claim, including the identification of the property allegedly misappropriated. According to Mr. Haun's affidavit, Mr.

Ostrander was allowed to retrieve his property from the business premises. Mr. Haun also said that any items disposed of did not have any readily apparent value or significance. Mr. Ostrander, on the other hand, submitted evidence that identifies various items of his personal property that he asserts were still on the premises when he was terminated from employment. There is clearly a question of fact in dispute regarding what personal property, if any, belonging to Mr. Ostrander was left on the premises and the value of that property. This claim objection requires a trial, which will be discussed below.

    3.    <u>Proof of Claim 15</u>.

This claim is in the amount of $8,300.00, and the basis for the claim is "Cattle Misappropriated – cattle creditor owned while still working for debtor & was never paid for when terminated." Debtor objects to this claim as failing to allege sufficient detail to support the claim, including information identifying the cattle or any basis to prove Mr. Ostrander owned cattle. Mr. Ostrander, on the other hand, asserts that he cannot provide specifics because Debtor has retained all of the records for all of the cattle fed there. Mr. Ostrander maintains, however, that he and/or his wife, Katie, and/or his business, KA Trucking, owned cattle that were fed at Debtor's feedlot. He seems to be saying that he needs access to Debtor's records through discovery in order to prove his claim. However, Mr. Ostrander fails to explain how he arrived at the sum of $8,300.00, how many cattle he thinks he owned, when he purchased cattle, who he purchased them from, how he paid for them, or any other such facts. In particular, he fails to provide any evidence from his own sources (i.e., his or his business's bank accounts) showing payments to anyone for the purchase of the cattle he claims to own. Mr. Ostrander's failure to include as part of the proof of claim any documentation or detail means that the claim is not entitled to be considered prima facie evidence of validity under Bankruptcy Rule 3001(f). *Sears v. Sears (In re AFY, Inc.)*, 463 B.R. 483, 488 (B.A.P. 8th Cir. 2012). Therefore, Mr. Ostrander had the burden to prove the validity and amount of his claim, which he failed to do. Accordingly, the objection to proof of claim 15 is sustained, and the claim is denied in its entirety.

    4.    <u>Proof of Claim 16</u>.

This claim was filed for wages in the amount of $3,600.00, and the basis for the claim is "Wages – wages earned by creditor but never paid by Debtor." The affidavits submitted by each of the parties contain contradictory information regarding these wages and, therefore, a fact issue remains for trial.

    5.    <u>Proof of Claim 17</u>.

This claim is in the amount of $100,000.00, and the basis for the claim is identified as "Abuse of Process – Debtor maliciously abused the legal process for ulterior purposes harming creditor financially & creditor's reputation." Debtor objects to the claim as lacking sufficient detail as to the legal processes allegedly abused, the extent and nature of injury, etc. Debtor specifically denies abusing any legal process.

Apparently, prior to the bankruptcy filing, Debtor had commenced litigation against Mr. Ostrander in the District Court of Boone County, Nebraska. Those pleadings are not in evidence, although there is a copy of an affidavit of Cecil Haun submitted to the state court in support of a request for temporary restraining order that was included in the evidence on the claim objection. That affidavit indicates that Debtor is claiming Mr. Ostrander diverted funds from Debtor which resulted in his termination. The affidavit further indicates that Debtor was seeking a temporary restraining order to enjoin Mr. Ostrander from, among other things, removing property and negotiating checks.

At the hearing, the court noted that there is no other evidence or documentation with regard to the state court proceeding or its status. The attorneys advised that Mr. Ostrander attempted to file a counterclaim in the state court proceeding that involved some or all of the claims set forth in his proofs of claim, but it is unclear whether that counterclaim was filed prior to the commencement of this bankruptcy case. In any event, the attorneys advised that the state court case has been stayed pending this bankruptcy. Certainly, this "abuse of process" claim is one in which a factual dispute exists and a trial is necessary.

6.  Proof of Claim 18.

This claim is in the amount of $15,000.00, and the basis for the claim is stated as "Debtor did not give proper care to horses causing damage to horses." Again, Debtor objects due to lack of sufficient detail to support the claim, including any information identifying the horses, the extent and nature of the injuries, or basis of the claim for any duty on the part of Debtor to render any care. Debtor further affirmatively asserted that it properly cared for and fed all horses in its possession. In his affidavit, Mr. Ostrander states that on February 14, 2011, at the time of his termination, he owned 25 horses that were on Debtor's premises. He asserts that all the horses were healthy at that time and in good physical condition. He further asserts that in May 2011 he was permitted to remove the horses and, at that time, they were unhealthy and emaciated. Debtor submitted evidence indicating the horses were well fed while in Debtor's possession and in good condition when removed by Mr. Ostrander. The evidence submitted by both sides of this issue is contradictory and, therefore, a fact question remains for trial.

*TRIAL*

As discussed above, fact issues remain for trial with respect to proofs of claim 14, 16, 17, and 18. There is also, apparently, litigation pending in the District Court of Boone County, Nebraska, involving the same issues as set forth in the proofs of claim, which litigation has been stayed as a result of the bankruptcy filing. This court previously indicated that this claims litigation is a core proceeding under 28 U.S.C. § 157(b)(2)(B), which provides that core proceedings include "allowance or disallowance of claims against the estate." However, that section goes on to state "but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11[.]" Claim 17 is a claim for abuse of process that involves damage to the claimant, including damage to his reputation. Such a claim is an unliquidated personal injury tort claim against the estate and, therefore, is not a core

proceeding. Of course, this court does have jurisdiction over non-core, related proceedings such as the abuse of process claim – it simply does not have the authority to enter final judgment. Instead, after trial of a non-core related proceeding, this court must enter findings and recommendations to the district court for entry of final judgment.

Because no party has requested this court to abstain from hearing these claim objections, the clerk of court is instructed to issue a preliminary pretrial order setting the remaining objections on a schedule for trial. After trial, this court will issue final judgment on matters for which it can do so, and will issue findings and recommendations to the district court for all other matters.

IT IS, THEREFORE, ORDERED that:

1.    Debtor's objection to Mr. Ostrander's proofs of claim 13 and 15 are sustained and the claims are disallowed in their entirety; and

2.    Debtor's objection to Mr. Ostrander's proofs of claim 14, 16, 17, and 18 are deferred pending a trial in the appropriate forum.

This Order is not final for purposes of appeal at this time. This Order will become final only after entry of a final judgment.

DATED: September 27, 2012

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
　　*Jennifer Cooke/Robert V. Ginn
　　Marvin Andersen
　　Kristin Farwell
　　United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.